HENRY LOFTIS v. THE STATE.

No. 12203.   Delivered January 16, 1920.
Rehearing denied February 27, 1929.

The opinion states the case.

*Will M. Martin* of Hillsboro, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

CHRISTIAN, JUDGE.—The offense is transporting intoxicating liquor; the punishment confinement in the penitentiary for one year.

Appellant was driving his car on a highway in Hill County. Officers overtook him and advised him that they were going to have to search his car. According to the testimony of the officers, appellant replied that they had caught him "full handed." The officers further testified that appellant said "all right," when they told him they had to search his car. Eight pints of whiskey were found in the car.

Testifying in his own behalf appellant admitted that he was transporting the whiskey found by the officers, but declared that he was taking the whiskey to a man to be used for medicinal purposes. Appellant denied that he had consented to the search of his car.

No search warrant had been issued for the search of appellant's car. Appellant excepted to the failure of the court to submit to the jury the issue as to whether the officers acted upon probable cause when they searched the automobile. The court properly refused to submit such issue to the jury. Appellant testified to every criminative fact detailed by the officers. Hence, in the event the search had been unauthorized, appellant would be in no position to assert that the reception of the testimony of the officers resulted in injury to him. Frey v. State, 3 S. W. (2d) 459. Therefore, he would not have been entitled to an acquittal even though the jury should have concluded that "probable cause" for the search of the car did not exist.

The indictment contained two counts. In the first count appellant was charged with unlawfully transporting intoxicating liquor, and in the second count he was charged with possessing intoxicating liquor for the purpose of sale. After appellant's motion to require the state to elect upon which count a conviction would be sought had been overruled, both counts were submitted to the jury. The jury found appellant guilty under the first count. There was sufficient evidence to support each count. The court properly refused to require the state to elect. One transaction was involved. When the testimony develops more than one separate transaction, the state should upon timely request be required to elect as to which one it would rely upon for a conviction. Branch's Annotated Penal Code, Section 444, and authorities cited; Smith v. State, 234 S. W. 893; Banks v. State, 246 S. W. 377. Where only one transaction or act is charged in different counts in the indictment the state is not required to elect. Branch's Annotated Penal Code, supra; Smith v. State, supra; Meadors v. State, 275 S. W. 829. The rule last announced is applicable here.

Finding no error, the judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

ON MOTION FOR REHEARING.

LATTIMORE, Judge.—Even if the regularity be debatable of the admission of the testimony of the officers as to what they found by a search of the property or possession of appellant, it seems now to be too well settled to admit of argument that such error, if any, is cured and rendered harmless by the admission, without objection, of the same or substantially similar testimony from the accused or other witnesses. Bonilla v. State, 2 S. W. Rep. (2d) 248; Kelsay v. State, 4 S. W. Rep. (2d) 548; McLaughlin v. State, 4 S. W. Rep. (2d) 54; Sifuentes v. State, 5 S. W. Rep. (2d) 144.

Being unable to agree with any of the contentions made, the motion for rehearing will be overruled.

*Overruled.*